# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## DONALD ESLICK, ET AL. v. DONAL CAMPBELL, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-441-III    Ellen Hobbs Lyle, Chancellor**

---

### No. M1998-00944-COA-R3-CV - Decided June 27, 2000

---

This is an appeal of right by two state prisoners from a decree of the Chancery Court of Davidson County dismissing their petition for declaratory judgment concerning the applicability to them of mandatory parole provisions of Tennessee Code Annotated section 40-28-117(b).  The trial court dismissed their petitions finding that the mandatory parole provisions of Tennessee Code Annotated section 40-28-117 were impliedly repealed by the 1982 Criminal Sentencing Reform Act. We affirm the trial court on other grounds.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

CAIN, J., delivered the opinion of the court, in which CANTRELL, P.J., M.S., and KOCH, J., joined.

Donald Eslick and Robert Rappuhn, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, and Pamela S. Lorch, Assistant Attorney General, for the appellees, Donal Campbell, et al.

## OPINION

Petitioners Eslick and Rappuhn were both convicted of aggravated kidnaping on April 30, 1982, and both were sentenced to twenty-five year determinate sentences.

Petitioner Eslick escaped in January 1989 and was sentenced to an additional three year term for the escape and a second three year term for committing burglary while on escape.  His sentences for the escape and for the burglary were ordered to run consecutively to his twenty-five year sentence for aggravated kidnaping and consecutive to each other resulting in a combined sentence of thirty-one years.

Mr. Rappuhn escaped in 1992 and was recaptured in 1993.  He was charged with escape but

at the time of the dismissal of the petition for declaratory judgment in these cases, July 29, 1998, the record shows no disposition of the escape charge against Mr. Rappuhn.

On February 12, 1998, after pursuing administrative remedy with the Department of Correction, Eslick and Rappuhn filed their petition for a declaratory judgment pursuant to Tenn. Code Ann. §§ 4-5-101 and 224 (1998). In their petition Eslick and Rappuhn sought application of the mandatory parole provisions of Tenn. Code Ann. §40-28-117(2)(1982 Repl.) to their kidnapping sentences.

In its order of dismissal, the trial court held in part: "The court grants the motion to dismiss because the court determines that mandatory parole was abolished by the 1982 Criminal Sentencing Reform Act and that it does not apply to felons convicted after the effective date of the act, May 26, 1983. Tenn. Code Ann. § 40-43-503 (Supp. 1983)."

The difficulty with this holding is that both petitioners were convicted for aggravated kidnaping more than a year prior to the Sentencing Reform Act of 1982. Although, the mandatory parole provisions of Tennessee Code Annotated section 40-28-117 were in existence at the time of the aggravated kidnaping convictions of April 30, 1982, the question before the court is whether that statute applied to the April 30, 1982 convictions for aggravated kidnaping and the resulting twenty-five year determinate sentences.

At the time both petitioners were convicted, aggravated kidnaping was a Class X felony and subject to the provisions of then Tennessee Code Annotated section 39-1-703. This section provided in pertinent part that Class X felony sentences would ". . . not be subject to reduction for good, honor or incentive or other sentence credit of any sort" and that their sentences would " . . . (3) terminate or expire only after service of the entire sentence, day for day, under the control and supervision of the State of Tennessee; . . . "

The Class X felony statutes had been enacted by Chapter 318 of the Public Acts of 1979. Section 20 of the Act, which was then codified as section 40-28-301 Tennessee Code Annotated, provided in part:

> (a) Notwithstanding any provision of the Tennessee Code Annotated to the contrary, the service of sentence, release eligibility and supervision while on release of a person convicted of a Class X felony shall be governed exclusively by the provisions of this section.
>
> . . .
>
> (d) Except for a life sentence, a person convicted of a Class X felony shall be eligible for consideration for release classification status only after serving forty percent (40%) of the sentence actually imposed by the sentencing court. The term 'forty percent (40%)' as used in this subsection shall be an actual forty percent (40%) of the full sentence imposed undiminished by sentence credits for good, honor or incentive time of any sort.

Tenn. Code Ann. §40-28-301(1982 Repl.).

Mandatory parole had been created by Chapter 624 of the Public Acts of 1974 and codified in pertinent part as Tennessee Code Annotated section 40-28-117(b) providing:

> (b) Every prisoner who has never been granted a parole by the board on a particular sentence of imprisonment shall be granted a mandatory parole by the board subject to the following restrictions:
>
> . . .
>
> (2) Prisoners serving a determinate or indeterminate sentence with a maximum term of over ten (10) years as fixed by the court, shall be paroled by the board six (6) months prior to the completion of the maximum term of sentence less credit for good and honor time and incentive time.

Well settled rules of statutory construction in Tennessee provide:

> A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995). This means examining the language of a statute and applying its ordinary and plain meaning. *Id.* Moreover, we must presume that the Legislature knows of its prior enactments and knows of the existing state of the law at the time it passes legislation. *Wilson v. Johnson County,* 879 S.W.2d 807, 810 (Tenn.1994).

*Riggs v. Burson*, 941 S.W.2d 44, 54 (Tenn.1997).

Mandatory parole had been in effect since 1974 when the General Assembly passed the Class X felony statutes. The legislature is thus presumed to have been well aware of the provisions of what is now codified as Tennessee Code Annotated section 40-28-117(b)(2) when it enacted the Class X felony statutes five years later, providing that: "Notwithstanding any provision of the Tennessee Code Annotated to the contrary, . . ." service of sentence, release eligibility and supervision of Class X felons would be governed exclusively by the provisions of the Class X felony law. *See* Tenn. Code Ann. § 40-28-301 (1982 Repl.). These provisions included the specific right of Class X felons sentenced to less than a life term to be "eligible for consideration . . ." for release classification after serving forty percent of their full sentence imposed, undiminished by sentence credits for good, honor or incentive time of any sort. Tenn. Code Ann. § 40-28-301(d).

The Criminal Sentencing Reform Act of 1982 was enacted by the General Assembly in Chapter 868 of the Public Acts of 1982. The Act was codified as Title 40, Part 35, Chapters 1-5 of Tennessee Code Annotated. Tennessee Code Annotated § 40-35-112 in this codification of the Criminal Sentencing Reform Act of 1982 provided in part: "For all persons who committed crimes prior to July 1, 1982, the prior law shall apply and shall remain in full force and effect in every respect, including but not limited to sentencing, parole and probation."

By Chapter 5 of the Public Acts of 1985 extraordinary session, the General Assembly enacted the Comprehensive Correction Improvement Act of 1985, repealing in part the Criminal Sentencing Reform Act of 1982 but providing, also in part:

> Tennessee Code Annotated, Title 40, Chapter 28, Part 3, a portion of the Class X Felonies Act of 1979, is amended by deleting that part in its entirety. Provided, however, that the release and parole of any person convicted and sentenced as a Class X offender for a crime committed before July 1, 1982, shall be governed by Section 40-35-501, et seq.

By Chapter 591 of the Public Acts of 1989, the General Assembly enacted the Criminal Sentencing Reform Act of 1989. This Act repealed the "Criminal Sentencing Reform Act of 1982 but retained the same codification classification as Title 40, Chapter 35, Parts 1-5 Tennessee Code Annotated. Section 40-35-117 of this codification of the Criminal Sentencing Reform Act of 1989 provides in part: "(c) For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation."

So it is that former Tennessee Code Annotated section 40-28-301(a) provided the exclusive law on April 30, 1982, relative to calculating the petitioners' sentence and release eligibility. For their Class X felony sentences Tennessee Code Annotated section 39-1-703 provided Eslick and Rappuhn no kind of sentence credits but rather mandated that their sentences would " . . . (3) terminate or expire only after service of the entire sentence, day for day, . . . " and both the Criminal Sentencing Reform Act of 1982 and the Criminal Sentencing Reform Act of 1989 provided for the continued viability and applicability of the sentencing laws in effect on April 30, 1982. Neither Eslick nor Rappuhn have ever been eligible for mandatory parole under the provisions of Tennessee Code Annotated section 40-28-117(b).

We decline to address the question of whether or not the Sentencing Reform Act of 1982 impliedly repealed mandatory parole but rather for reasons stated herein affirm the Chancellor in the dismissal of this action for declaratory judgment.

Costs of this cause are assessed equally against Eslick and Rappuhn.